IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>[1] JUAN CORAZON;<br>    [Counts 1, 2]<br>[2] JOSE L. DIAZ-FONTANEZ,<br>    aka "Fontanez;"<br>    [Count 2]<br>[3] ERIC N. PACHECO-MATOS,<br>    aka "Erica;"<br>    [Count 2]<br>[4] ANGEL T. CORTES-MALDONADO,<br>    aka "Tomas;"<br>    [Count 2]<br>[5] JULIO ACEVEDO-RIVERA,<br>    aka "Julito Menor;"<br>    [Count 2]<br>Defendants. | I N D I C T M E N T<br><br>Criminal No. 97-71 (CC)<br><br>Violations:<br><br>Title 21, USC,<br>Section 841(a)(1);<br>   [COUNT 2]<br><br>Title 21, USC, Section 846;<br>   [COUNT 2];<br><br>Title 21, USC, Section 848;<br>   [COUNT 1];<br><br>[TWO COUNTS] |

THE GRAND JURY CHARGES:

COUNT ONE

From on or about January 1, 1990, and continuing until on or about March 7, 1994, in the District of Puerto Rico and elsewhere, and within the jurisdiction of this Court,

[1] JUAN CORAZON,

the defendant herein, did, knowingly and intentionally, engage in a continuing criminal enterprise, as this term is defined in Section 848(c) of Title 21, United States Code, in that

[1] JUAN CORAZON,

did violate provisions of Title 21, United States Code, subchapter I as alleged in Count Two (2) of this indictment, which count is realleged and incorporated herein by reference as if fully set

INDICTMENT
United States v. Juan Corazon, et al
Page 2

forth herein, which violations were part of a continuing series of violations of subchapter I, undertaken by

[1] JUAN CORAZON,

in concert with at least five other persons with respect to whom the defendant,

[1] JUAN CORAZON,

occupied a position as the principal administrator, organizer and leader of the enterprise, and from which continuing series of violations, the defendant herein obtained substantial income and resources. All in violation of Title 21, United States Code, Section 848(a) and (b).

COUNT TWO

From on or about January 1, 1990, and continuing until on or about March 7, 1994, in the District of Puerto Rico and elsewhere, and within the jurisdiction of this Court,

[1] JUAN CORAZON;

[2] JOSE L. DIAZ-FONTANEZ,
    aka "Fontanez;"

[3] ERIC N. PACHECO-MATOS,
    aka "Erica;"

[4] ANGEL T. CORTES-MALDONADO,
    aka "Tomas;" and

[5] JULIO ACEVEDO-RIVERA,
    aka "Julito Menor;"

the defendants herein, did, knowingly and intentionally, combine, conspire, and agree with each other and with divers other persons

INDICTMENT
<u>United States v. Juan Corazon, et al</u>
Page 3

to the grand jury known and unknown, to commit an offense against the United States, to wit, to knowingly and intentionally distribute multi-kilogram quantities of controlled substances, that is to say, in excess of five (5) kilograms of Heroin, a Schedule I Narcotic Drug Controlled Substance, in excess of five (5) kilograms of Cocaine, a Schedule II Narcotic Drug Controlled Substance, in excess of five (5) kilograms of Cocaine Base, a Schedule II Narcotic Drug Controlled Substance, and in excess of one hundred (100) kilograms of Marihuana, a Schedule I Controlled Substance, as prohibited by Title 21, <u>United States Code</u>, Section 841(a)(1).

### OBJECT OF THE CONSPIRACY

The object of the conspiracy was to distribute heroin, cocaine, cocaine base (crack cocaine), and marihuana, at a drug point for significant financial gain or profit.

### MANNER AND MEANS USED TO ACCOMPLISH THE CONSPIRACY

The manner and means by which the defendants and co-conspirators would further and accomplish the objects of the conspiracy included the following:

1. It was part of the conspiracy that the defendants and their co-conspirators would purchase multi-kilogram quantities of heroin, cocaine and marihuana at wholesale prices.

2. It was a further part of the conspiracy that the defendants and co-conspirators would cut, divide and package such

I N D I C T M E N T
<u>United States v. Juan Corazon, et al</u>
Page 4

multi-kilogram quantities of heroin, cocaine and marihuana in small packages for subsequent sale at drug points.

   3. It was a further part of the conspiracy that the defendants and co-conspirators would cook part of the cocaine purchased and create cocaine base (crack cocaine), which was also packaged in small packages for subsequent sale at drug points.

   4. It was a further part of the conspiracy that the defendants and their co-conspirators would use residences and other locations in order to store and package the heroin, cocaine and marihuana.

   5. It was a further part of the conspiracy that the defendants and co-conspirators would sell packaged quantities of heroin, cocaine, cocaine base (crack cocaine) and marihuana in small quantities to customers at drug points.

   6. It was a further part of the conspiracy that the defendants and their co-conspirators would have different roles and would perform different tasks in furtherance of the conspiracy.

**ROLES OF THE MEMBERS OF THE CONSPIRACY**

I.  <u>Leaders</u>

   1. **JUAN CORAZON** was the leader and organizer of the drug-trafficking organization described in Counts One and Two. He did lead, organize, control, and supervise the sales of controlled substances at drug points located at the "Manuel A. Perez" Public Housing Project, Rio Piedras, Puerto Rico. He did direct and

INDICTMENT
United States v. Juan Corazon, et al
Page 5

supervise numerous subordinates whose principal tasks were: (a) to supply sellers with the drugs to be sold and collect the proceeds derived from their sale at drug points; (b) to package drugs for subsequent sale at drug points; (c) to provide protection to both himself and the illegal narcotics being sold at drug points; and (d) to sell narcotics at drug points. He would also participate in the packaging of the narcotics for distribution at drug points, personally deliver packaged narcotics to her runners and sellers, and, at times, collect proceeds derived from drug sales.

    b.   Runners

**JUAN CORAZON** would employ runners for the drug-trafficking organization described in Counts One and Two. These runners would receive packaged narcotics from **JUAN CORAZON** and deliver them to the sellers for sale at the drug points and would collect the proceeds derived from sales already completed by the sellers. Runners would be responsible for the status of the inventory of illegal narcotics sold at the drug points and for supervising the operations at a given drug point.

    c.   Triggermen

**JUAN CORAZON** had triggermen who were part of the drug-trafficking organization described in Counts One and Two. These triggermen would possess, carry, use and brandish firearms, as defined in Title 18, United States Code, Section 921(a)(3), using them to provide protection to the leader of the organization as

I N D I C T M E N T
<u>United States v. Juan Corazon, et al</u>
Page 6

well as to the drug operations of the conspiracy from rival drug-trafficking organizations.

    d.   <u>Drug Sellers</u>

**JUAN CORAZON** would employ drug sellers for the drug-trafficking organization described in Counts One and Two. Drug sellers would sell heroin, cocaine, cocaine base (crack cocaine) and marihuana at the "Manuel A. Perez" drug point.

**OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY**

In furtherance of this conspiracy and to effect and accomplish the objects of the same, one or more of the co-conspirators committed, among others, the following overt acts:

    1.   At divers times between the times alleged, the defendants and co-conspirators, and others to the grand jury known and unknown, aiding and abetting each other, did possess with intent to distribute and did distribute controlled substances, to wit: heroin, cocaine, cocaine base (crack cocaine) and marihuana which was sold to customers in one or more drug points for substantial financial gain or profit.

    2.   At divers times between the times alleged, the defendants and co-conspirators, and others to the grand jury known and unknown, aiding and abetting each other, possessed, brandished and used firearms, as defined in Title 18, <u>United States Code</u>, Section 921(a)(3), using them to provide protection for the drug operations of the conspiracy from rival drug-trafficking organizations.

INDICTMENT
United States v. Juan Corazon, et al
Page 7

3.  At divers times between the times alleged, the defendants and co-conspirators, and others to the grand jury known and unknown, aiding and abetting each other, stored and hid from view controlled substances, to wit: heroin, cocaine, cocaine base, and marihuana, and/or proceeds from the sales thereof, and/or firearms as that term is defined in Title 18, United States Code, Section 921(a)(3), in order to facilitate the successful screening of these items from those outside of the conspiracy. The concealment of these items therefore, prevented their discovery and simultaneously provided easy access to the controlled substances and the weapons.

4.  The grand jury hereby incorporates by reference, Count One of this indictment and designates it as a further overt act of this conspiracy.

All in violation of Title 21, United States Code, Section 846.

GUILLERMO GIL
United States Attorney

Jorge E. Vega-Pacheco,
Assistant U.S. Attorney
Chief, Criminal Division

Jacabed Rodríguez-Coss
Assistant U.S. Attorney

Dated: April 10, 1997